UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Case No. 1:21-bk-01509-HWV |
| CYNTHIA D. JOHNSTON, | : | |
|       Debtor | : | Chapter 7 |
| | : | |
| LAWRENCE G. FRANK, | : | |
| TRUSTEE IN BANKRUPTCY FOR | : | |
| CYNTHIA D. JOHNSTON, | : | |
|       Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| CYNTHIA D. JOHNSTON AND | : | |
| JUSTIN GREGG, | : | |
|       Defendants | : | |

**FIRST AMENDED COMPLAINT**

TO THE HONORABLE HENRY W. VAN ECK, CHIEF BANKRUPTCY JUDGE:

COMES NOW Lawrence G. Frank, Trustee in Bankruptcy in the above-captioned proceeding and makes this First Amended Complaint, respectfully stating in support thereof:

1. Plaintiff is Lawrence G. Frank, the duly appointed, qualified and acting Trustee in Bankruptcy in the above-captioned case with his place of business at 100 Aspen Drive, Dillsburg, PA 17019.

2. Defendant Cynthia D. Johnston is the Debtor in the above-captioned case, an adult individual residing at 317 Hemlock Street, Palmyra, PA 17078.

3. Defendant Justin Gregg is an adult individual residing at 317 Hemlock Street, Palmyra, PA 17078.

4. The Defendants are married as represented to the Trustee at a Rule 2004 Examination on December 8, 2021 and on the Petition, Statement of Affairs and Schedules filed in this case.

Page 1 of 11

Case 1:22-ap-00007-HWV    Doc 2    Filed 02/21/22    Entered 02/21/22 17:55:39    Desc
Main Document    Page 1 of 11

5. This Court has jurisdiction of this matter pursuant to 28 U.S.C. 157 and 28 U.S.C. 1334. It is a core proceeding. Venue is proper in this district. The two below Counts are brought pursuant to §544(a) and (b)(1) of the Bankruptcy Code.

6. This First Amended Complaint is filed under 12 P.S. 5101, The Pennsylvania Uniform Voidable Transaction Act and Pennsylvania constructive trust case law.

7. The Debtor filed a Voluntary Chapter 7 Petition in this Court on July 2, 2021 indexed to the above number.

8. The Schedules listed real estate at 317 Hemlock Street, Palmyra, PA 17078 as tenants by the entireties with a stated value of $298,200.00

9. The real estate was attempted to exempted on Schedule C under the Pennsylvania Entireties exemption to which the Trustee has objected. A hearing on that matter has been continued.

10. Additionally, the Debtor listed a motor vehicle, a 2014 Mazda 3 titled in her name alone, as entireties property and attempted to exempt it on Schedule C to which exemption the Trustee has also objected.

11. Prior to the bankruptcy case being filed, on February 8, 2016, real estate at 8262 Lambert Drive, Huntington Beach, California 92647 was transferred from Karen D. Johnston, mother of the Debtor, to herself and the Debtor as joint tenants.

12. The Grant Deed for the above property specifically stated that the transfer to the Debtor was as a married woman as her sole and separate property as a joint tenant.

13. Also, the transfer was exempt from transfer tax due to it being a bonafide gift and the grantor receiving nothing in return, R&T 11911.

14. On or about March 29, 2019, real estate at 317 East Hemlock Street, Palmyra, PA 17870 was transferred from Mark D. Rothermel and Judith M. Rothermel to the Defendants for the sum of $237,000.00.

15. Prior to the purchase of the above Palmyra property, the Debtor borrowed the sum of $250,00.00 from Schools First Federal Credit Union at P.O. Box 11547, 2115 North Broadway, Santa Ana, CA 92701-1547 using the above property in Huntington Beach as collateral.

16. The above sum of $250,000.00 was deposited in the account of the Debtor at Schools First Federal Credit Union on March 28, 2019 and wired to Iron Valley Abstract of Central PA, LLC on the same date in anticipation of the settlement on the property at 317 Hemlock Street, Palmyra, PA 17870 on March 29, 2019.

17. The Trustee requested, and has been furnished with, a copy of the title to the 2014 Mazda 3 and it clearly states that it is owned solely by the Debtor.

## COUNT I

Lawrence G. Frank, Trustee in Bankruptcy for Cynthia D. Johnston, Plaintiff v. Cynthia D. Johnston and Justin Gregg, Defendants.

18. Paragraphs 1-17 are incorporated by reference as if fully set forth herein.

19. This Count is filed under the Pennsylvania Uniform Voidable Transactions Act.

20. Section 5104(a) and (b) reads as follows:

**§5104. Transfer or obligation voidable as to present or future creditor.**
    **(a)    General rule.** –-A transfer made or obligation incurred by a debtor is voidable as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
        (1)    with actual intent to hinder, delay or defraud any creditor of the debtor; or
        (2)    without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:

    (i)  was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
    (ii)  intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

  **(b)**  **Certain factors.**—In determining actual intent under subsection (a) (1), consideration may be given, among other factors, to whether:
    (1)  the transfer or obligation was to an insider;
    (2)  the debtor retained possession or control of the property transferred after the transfer;
    (3)  the transfer or obligation was disclosed or concealed;
    (4)  before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;
    (5)  the transfer was of substantially all the debtor's assets;
    (6)  the debtor absconded;
    (7)  the debtor removed or concealed assets;
    (8)  the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;
    (9)  the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;
    (10)  the transfer occurred shortly before or shortly after a substantial debt was incurred; and
    (11)  the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

  21.  In the instant case, the Debtor, by borrowing money from Schools First Federal Credit Union and using her interest in 8262 Lambert Drive, Huntington Beach, California as collateral for that loan, and then using the loan proceeds to purchase the aforesaid Palmyra, PA property placed in the names of the Defendants was in violation of §5104(a) and (b) of the Pennsylvania Uniform Voidable Transactions Act.

  22.  First, the above borrowing and transaction was made to hinder, delay or defraud the Debtor's creditors to whom debts existed both at the time of the above transaction as well as debts that arose subsequently.

  23.  Secondly, the Debtor made the above borrowing and transaction without receiving a reasonably equivalent value for the transfer or obligation, and per §5104. (a) (2):

Page 4 of 11

Case 1:22-ap-00007-HWV Doc 2 Filed 02/21/22 Entered 02/21/22 17:55:39 Desc
Main Document Page 4 of 11

    (i)  was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

    (ii)  intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

  24.  As to Paragraph 22 above, §5104(b), outlines certain factors that are to be considered in determining whether actual intent to hinder, delay or defraud creditors was present.

  25.  In this case, the transfer was to an insider, i.e., to the husband of the Debtor who is one of the Defendants herein.

  26.  The Debtor retains possession or control of the property transferred after the transfer since she and her husband utilized it as their residence.

  27.  The transfer or obligation was not disclosed on the Statement of Financial Affairs or Schedules, but was disclosed under oath at the Meeting of Creditors in response to a direct question as to whether any transfers had taken place within four years of the petition date, the Statute of Limitations under the Pennsylvania Voidable Transactions Act.

  28.  Before the above transfer was made, no suit had been filed or threatened, but substantial debts were owing as more particularly described in the claims paragraph set forth below.

  29.  It is believed and therefore averred that the purchase of the Debtor's current residence by using equity in the Huntington Beach, California property were essentially all of the Debtor's assets at the time. While the Debtor's name remained on the Huntington Beach, California property, upon eventual sale, the Debtor received nothing for that sale in consideration of the sum of $250,000.00 already having been received in the form of an equity loan used to purchase the current residence.

Page 5 of 11

Case 1:22-ap-00007-HWV Doc 2 Filed 02/21/22 Entered 02/21/22 17:55:39 Desc
Main Document Page 5 of 11

30. While the Debtor did not "abscond" as such, she did remove an asset that could have been used by creditors to collect on their debts (joint tenancy on the Huntington Beach, California property) and used the $250,000.00 borrowed against it to purchase a residence titled in the names of the Defendants.

31. The amount of money received from the Debtor's husband for the purchase of the Palmyra, PA property was nothing and, therefore, not reasonably equivalent to the value of the property at the purchase price of $237,000.00.

32. The Debtor became insolvent after the borrowing of $250,000.00 and the purchase of the Palmyra, PA property.

33. The only asset of substance the Debtor owned was her joint tenancy in the Huntington Beach, CA property which, following the borrowing and sale of the property by her mother, rendered her insolvent, as the Palmyra, PA property was out of the reach of creditors and she had pre-existing debts as set forth below.

34. The transfer of funds into the Palmyra, PA property occurred while the Debtor had pre-existing debts as set forth below and prior to that debt, increasing between the time of the transfer and the filing of this petition.

35. Section 5104 states that the transfer is voidable as to a creditor whether the creditor's claim arose before or after the transfer.

36. An analysis of the Proofs of Claim filed in this case are as follows:

    (a)    Goldman Sachs (Claim #1)

        Amount of claim: $18,985.00;
        Account opened and loan made on 10/08/18
        Last payment made on 03/09/20
        Charge-off was made on 12/07/20
        As of 03/29/2019, the balance owing was approximately: $20,628.10

(b) Schools First Federal Credit Union (Claim #2)

Amount of claim: $244.98
Due Date: 11/01/20

(c) Schools First Federal Credit Union (Claim #3)

Amount of claim: $7,742.99
Loan date: 07/14/17
Loan Amount: $16,000.00
Charge-off on 03/20/21
As of 03/29/19 balance owing approximately: $9545.40

(d) Schools First Federal Credit Union (Claim #4)

Amount of claim: $9,388.20
Account opened: 09/01/11
Last payment made: 05/12/2020 in amount of $171.00
Account balance as of 03/29/19 approximately: $8,000.00

(e) U.S. Department of Education: (Claim #5)

Amount of claim: $2,624.88

(f) Sallie Mae (Claim #6)

Amount of claim: $3,860.56
Original amount: $16,000.00
1st disbursement on 04/18/08: $8,000.00
2nd disbursement on 06/18/08: $8,000.00
Account balance as of 03/28/29 approximately: $4,000.00

(g) American Express National Bank (Claim #7)

Amount of claim: $19,875.14
Account opened: 10/02/15
Last payment made: 10/10/20 in amount of $100.00
Account balance as of 03/29/19: $2,674.32

(h) J.P. Morgan Chase (Claim #8)

Amount of claim: $13,513.55
Account opened: 10/16
Last payment made: 07/06/20
Account balance as of 03/29/19 approximately: $12,000.00

(i) J.P. Morgan Chase (Claim #9)
Withdrawn on 09/20/21

(j) LVNV Funding, LLC (Claim #10)
Original Creditor Best Buy

Amount of claim: $1,607.15
Account opened: 1998
Last payment on 07/26/90
Account balance as of 03/29/19: $1,607.15

37. Thus, as of March 29, 2019, the date of the borrowing against the Huntington Beach, California property and the purchase of the Palmyra, PA property, the debt was approximately $61,079.85. That amount grew to $79,485.49 on July 2, 2021, the date of the bankruptcy filing.

38. Section 5107 of the Pennsylvania Uniform Voidable Transaction Act defines the remedies available which includes avoidance of the transfer, attachment against the asset transferred, an injunction against further disposition and any other relief the circumstances may require.

39. This count seeks an Order removing the name of Defendant Justin Gregg from the deed, an attachment against the Palmyra property, and an injunction against disposition of the Palmyra, PA property and the 2014 Mazda 3 automobile.

WHEREFORE, the Plaintiff respectfully requests this Honorable Court to enter judgment in his favor and against the Defendants, removing of the name of Justin Gregg, attachment and an injunction so that the Trustee can sell the Palmyra, PA property and the 2014 Mazda 3 automobile in an amount sufficient to pay the claims of all creditors with interest, and the Trustee's attorney fees, commission, and out-of-pocket expenses.

## COUNT II

Lawrence G. Frank, Trustee in Bankruptcy for Cynthia D. Johnston, Plaintiff v. Cynthia D. Johnston and Justin Gregg, Defendants.

40. Paragraphs 1-39 are incorporated by reference as if fully set forth herein.

41. This Count, for imposition of constructive trust, is in the alternative or in addition to the relief requested in Count I.

42. Under Pennsylvania law,

"(t)o sustain a claim of unjust enrichment, a claimant must show that the party against whom recovery is sought <u>either wrongfully secured or passively received a benefit</u> that it would be unconscionable for her to retain. In order to recover, there must be both (1) an enrichment, and (2) an injustice resulting if recovery for the enrichment is denied. <u>A showing of knowledge of wrongful intent on the part of the benefited party is not necessary in order to show unjust enrichment.</u> Rather, the focus is on the resultant unjust enrichment, not on the party's intention."

<u>Vautar v. First Nat'l Bank of PA</u>, 2016 WL 82226, at *6 (Pa. Super. Ct. Jan. 6, 2016) (emphasis in original) (quoting <u>Torchia ex rel. Torchia V. Torchia</u>, 499 A.2d 581, 582-83 (Pa. Super. Ct. 1985)).

43. It is well established that "a court of equity has jurisdiction and, in furtherance of justice, will afford relief if the statutory or legal remedy is inadequate, or if equitable relief is necessary to prevent irreparable harm." <u>Vautar</u>, 2016 WL 82226, at *5. "Moreover, 'a court of equity has the power to afford relief despite the existence of a legal remedy when, from the nature and complications of a given case, justice can be reached by means of equity's flexible machinery.'" <u>Id.</u> (citations omitted). "Once invoked, the scope of a district court's equitable powers . . . is broad, for breadth and flexibility are inherent in equitable remedies." <u>Brown v. Plata</u>, 131 S. Ct. 1910, 1944 (2011) (quotation omitted).

Page 9 of 11

Case 1:22-ap-00007-HWV    Doc 2    Filed 02/21/22    Entered 02/21/22 17:55:39    Desc
Main Document    Page 9 of 11

44. Under Pennsylvania and federal law, a constructive trust may be imposed as "an equitable remedy designed to prevent unjust enrichment." Yohe v. Yohe, 353 A.2d 417, 420-21 (Pa. 1976). Accord Harris Trust & Sav. Bank v. Salomon Smith Barney, Inc., 530 U.S. 238, 250-51 (2000).

45. [i]n Pennsylvania, as in most jurisdictions, a court sitting in equity is imbued with considerable discretion in determining whether a constructive trust is appropriate; there is no fixed rule to dictate whether the facts of a case require or forbid the imposition of such a trust. The certain guidelines in the law of constructive trusts are: 1) the ultimate test of whether to grant such a trust is whether it is necessary to prevent unjust enrichment; and 2) the imposition of the trust does not require proof that the parties intended it.

Spinner v. Fulton, 777 F.Supp. 398, 402 (M.D. Pa.), aff'd, 947 F.2d 937 (3d Cir. 1991) (citations omitted).

46. In the instant case, the Plaintiff asks this Court to find that the Defendants hold the Palmyra, PA property in constructive trust for the benefit of the Debtor's creditors whose claims as filed total $79,485.49, plus any applicable expenses of administration including Trustee's commission, attorney's fees and out-of-pocket costs.

47. Prior to the $250,000.00 loan, using jointly owned property as collateral, and in which Defendant Justin Gregg had no interest, the Debtor's financial condition was that she enjoyed a joint tenancy in valuable real estate and owed creditors approximately $61,079.85. That debt, as stated above, grew to $79,485.49 by July 2, 2021, the date the petition was filed.

48. It is clear that the Defendant Justin Gregg contributed nothing toward the purchase of the Palmyra, PA property, the total purchase price having been provided by the Debtor.

49. To allow the Palmyra, PA property to be placed in both names, out of the reach of the Debtor's creditors, while she owed $61,079.85, to expand to $79,485.49 at the time of filling would be unjust.

50. The Plaintiff alleges that this case is a classic one for imposition of a constructive trust on the Palmyra, PA property.

51. As the above cases state, justice can be reached by means of equity's flexible machinery.

52. In this case, the Plaintiff requests the relief to be that the Court declares Defendant Justin Gregg to hold his interest as a constructive trustee and to either:

    a)     order the Defendant Justin Gregg to execute a deed to the estate or Debtor alone;

    b)     issue an Order that states Defendant Justin Gregg's interest to be extinguished and allow that Order to be filed in the recording offices of Lebanon County.

WHEREFORE, the Plaintiff respectfully requests this Honorable Court to enter judgment in his favor and against the Defendants, and either:

    a)     order the Defendant Justin Gregg to execute a deed to the estate or Debtor alone;

    b)     issue an Order that states Defendant Justin Gregg's interest to be extinguished and allow that Order to be filed in the recording offices of Lebanon County.

Respectfully Submitted,

<u>/s/ Lawrence G. Frank, Esquire</u>
Lawrence G. Frank, Esquire
Attorney ID No.: 15619
100 Aspen Drive
Dillsburg, PA 17019
PH: (717) 234-7455
lawrencegfrank@gmail.com

Trustee in Bankruptcy