## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:  CYNTHIA D. JOHNSTON | :    CASE NO:      1:21-bk-01509-HWV |
|         DEBTOR | : |
| | :    CHAPTER 7 |
| | : |
| LAWRENCE G. FRANK, | :    ADVERSARY NO: 1:22-ap-00007-HWV |
| TRUSTEE IN BANKRUPTCY FOR | : |
| CYNTHIA D. JOHNSTON | : |
|         PLAINTIFF | : |
| | : |
|         v. | : |
| | : |
| CYNTHIA D. JOHNSTON AND | : |
| JUSTIN GREGG, | : |
|         DEFENDANTS | : |

## ANSWER TO FIRST AMENDED COMPLAINT

AND NOW, comes the Debtor/Defendant Cynthia D. Johnston, and she files this Answer to

Plaintiff's First Amended Complaint, and in support thereof avers as follows:

1.	Admitted.

2.	Admitted.

3.	Admitted.

4.	Admitted.

5.	Admitted.

6.	It is denied that the Pennsylvania Uniform Voidable Transaction Act and Pennsylvania

constructive trust case law are applicable to the facts at issue.

7.	Admitted.

8.	Admitted.

9.	Admitted.

10.     Admitted. The vehicle was purchased using marital funds and, regardless of title, non-debtor spouse Justin Gregg is a constructive co-owner under Pennsylvania law.

11.     Admitted.

12.     Admitted. The transfer was intended to benefit both Debtor and her husband despite the legal title employed on the deed.

13.     Admitted in part. The transfer was exempt from transfer tax pursuant to California Revenue and Taxation Code Section 11930, but grantor did ultimately receive something in return, namely a large increase in value in the property due to the extensive construction efforts of Debtor's husband, Defendant Justin Gregg.

14.     Admitted.

15.     Admitted.

16.     Admitted.

17.     Admitted in part. The vehicle was purchased using marital funds and, regardless of title, non-debtor spouse Justin Gregg is a constructive co-owner under Pennsylvania law.

**COUNT I**

18.     Paragraphs 1 through 17 of Debtor's Answer are incorporated here by reference.

19.     It is denied that the Pennsylvania Uniform Voidable Transaction Act is applicable to the facts at issue.

20.     It is admitted that Section 5104(a) and (b) is quoted correctly for the version of the Act that became effective in 2018. It is denied that this Act is applicable to California transactions and it is further denied that this Act is applicable to the facts at issue.

21.     Denied.

22.     Denied. Debtor had no intent whatsoever to hinder, delay or defraud any creditors she had at that time or thereafter.

23.     Denied. Both debtor and debtor's mother, Karen D. Johnston, received more than a reasonably equivalent value for the original transfer in 2016 and the loan made to purchase the Palmyra home. Debtor's husband, Defendant Justin Gregg, had extensive construction experience and used his expertise to do major remodeling of the California property. His efforts had a value comparable to the value he received upon purchase of the Palmyra property. As a result of his work, the California property was sold in May 2019 for $765,000.00, which is approximately $200,000.00 more than the estimated value of the property prior to Mr. Gregg's work on the house. By agreement of Debtor's mother and Defendants, the loan used to purchase the Palmyra property was then paid off from the proceeds of the May 2019 sale of the California property. Further, it is denied that debtor's remaining assets were unreasonably small in relation to the value she received and it is denied that debtor intended to incur, or believed or reasonably should have believed that she would incur, debts beyond her ability to pay as they became due. Debtor fully intended to pay all her debts as they became due, and to that end paid down a large portion of her credit card debt at the time of they purchased the home in Palmyra. It was not until Debtor lost her job in February 2020 at the beginning of the COVID-19 pandemic that she became unable to pay her debts as they became due.

24.     Admitted.

25.     Admitted. However, the transfer could not have taken place without Husband's efforts to increase the value of the California property.

26.     Admitted.

27.     Admitted. Any inference that the purchase of the Palmyra property was required to be disclosed on the Statement of Financial Affairs or Schedules is denied. The purchase took place more than two years prior to the filing date.

28.     Admitted in part and denied in part. The debts were not "substantial" at that time since Debtor was able to pay her debts as they came due and was doing so at the time she and her husband purchased their home in Palmyra.

29.     Admitted in part and denied in part. Both Defendants and Debtor's mother considered the California property to be Debtor's mother's sole property despite adding Debtor to the deed. Due in large part to Defendant Gregg's substantial efforts to remodel and improve the value of the California property while Defendants resided there, Debtor's mother and Defendants agreed that a portion of the equity in the property should be used to purchase a home in Pennsylvania for Defendants. Debtor's mother was to retain the remaining value in the home and did so upon its sale in May 2019.

30.     Denied. There was no need for creditors to use the property to collect on their debts since Debtor was paying her debts as they became due.

31.     Denied. Debtor's husband contributed work and materials worth in excess of half of the value of the $237,000.00 purchase price.

32.     Denied.

33.     Denied. While Debtor had been added to her mother's deed, it was done in part as a mechanism to ultimately compensate Debtor and her husband for their efforts in remodeling the property and preparing it for sale at a much greater value.

34.     Denied. Debtor paid off a large portion of her debt at the time of purchase of the Palmyra property.

35.     Admitted.

36.     Admitted. The Proofs of Claim filed in this case do not reflect the debt paid off at the time Defendants purchased their home in Palmyra. Further, the "last payment" dates shown on the Proofs of Claim reflect Debtor's ongoing payment of her debts as they became due until she lost her job at the start of the COVID-19 pandemic.

37.     Denied in part. This summary does not reflect payment of Debtor's other debts at the time of the purchase. Further, Debtor's debt at that time also included the $250,000.00 loan which was later paid off in May 2019.

38.     Admitted in part. The Act speaks for itself.

39.     It is denied that the relief sought by Trustee is appropriate.

WHEREFORE, Debtor respectfully requests that this Honorable Court enter judgment in her favor and dismiss Trustee's adversary action.

## COUNT II

40.     Paragraphs 1 through 39 of Debtor's Answer are incorporated here by reference.

41.     It is denied that a constructive trust is warranted in this case.

42.     It is denied that unjust enrichment occurred here.

43.     It is denied that equitable relief is appropriate here.

44.     It is denied that unjust enrichment occurred here.

45.     It is denied that unjust enrichment occurred here and that equitable relief is appropriate.

46.     It is denied that the relief sought by Trustee is appropriate.

47.     Denied as stated. While Debtor was a legal owner of the California property, her mother was the sole equitable owner. Defendant Gregg also had an equitable claim against the property for the value of the extensive remodeling he did. Further, Debtor had additional debt as of March 2019 that she paid off or paid down the balance.

48.     Denied. Defendant Justin Gregg contributed substantially to the purchase of the Palmyra property as noted above.

49.     Denied. Debtor could not have obtained the Palmyra property but for the efforts of her husband in increasing the value of the California property. To diminish the value of Defendant Gregg's work by taking his home from him would be unjust.

50.     Denied. A constructive trust is not warranted.

51.     Denied. The use of "equity's flexible machinery" to punish Defendant Gregg would result in a grave injustice.

52.     It is denied that the relief sought by Trustee is appropriate.

WHEREFORE, Debtor respectfully requests that this Honorable Court enter judgment in her favor and dismiss Trustee's adversary action.

/s/ John J. Ferry, Jr._____
John J. Ferry, Jr.;   I.D. No.: 75907
931 Cumberland Street
Lebanon, PA 17042
(717) 272-6500
(717) 272-5600 fax
jackferry2@gmail.com
Attorney for Debtor
